J-S27026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                            :   PENNSYLVANIA
                            :
            v.                   :
                            :
                            :
AKEEM LEE                 :
                            :
           Appellant      :   No. 1112 EDA 2016

Appeal from the Judgment of Sentence March 24, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001812-2012,
CP-51-CR-0001816-2012

BEFORE:   GANTMAN, P.J., OTT, J. and PLATT, J.[*]

MEMORANDUM BY OTT, J.:               **FILED JUNE 20, 2017**

Akeem Lee appeals from the judgment of sentence imposed on March 24, 2016, in the Philadelphia County Court of Common Pleas.  The trial court sentenced Lee to an aggregate term of six to 12 years' imprisonment, following his non-jury conviction of attempted murder[1] and related charges for a January 2012 shooting.  On appeal, Lee challenges the sufficiency of the evidence supporting his conviction of attempted murder, and the trial court's denial of his motion to dismiss based upon a violation of his speedy trial rights.  For the reasons below, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S. §§ 901, 2502.

The facts underlying Lee's conviction are summarized by the trial court

as follows:

On January 5, 2012, at approximately 8:00 p.m., complainant #1 got into a physical altercation with a female classmate outside of Carnell Elementary School in Philadelphia, Pennsylvania. Complainant #1's older brother, complainant #2, broke up [the] fight between the two (2) younger girls. As complainant #2 attempted to separate the girls, the female classmate that was fighting threatened that she was going to tell her cousin, [Lee], to shoot complainant #2 (complainant #1's brother).[2]

After the altercation, complainant #1 walked back to her residence on Langdon Street with her brother's friend. Later that same evening, complainant #1 was home with only her two (2) younger siblings and her brother's friend, when she heard a knock at the front door. As minor complainant #1 opened the door, [Lee], co-defendant, the female classmate, and another female classmate, barged into the home. [Lee] grabbed minor complainant #1 by her shirt and yelled, "where your brother at?" [Lee] pushed minor complainant #1 to the ground and her classmates began to hit her. While the classmates were fighting complainant #1, [Lee] pulled a handgun out of his pocket and ran upstairs yelling, "if I find anyone in here, it's a rap." [Lee] came back downstairs with the handgun touching the back of the head of complainant #2's friend. [Lee] forced the friend out of the home while the other intruders followed; complainant #1 and her younger siblings were left alone in the house. Several hours later, complainants' mother returned home from work. Once the mother learned what had transpired, she escorted the children to the Northeast Detectives' Division so that the children could provide statements.

Subsequent to the intruders leaving the residence, complainant #2 was standing in front of a pharmacy located at Oxford and Frontenac Streets in Philadelphia, Pennsylvania, when a white Chrysler pulled up in front of him. [Lee] jumped

_____

[2] At the time of the incident, both complainants were minors. Complainant #1 was 13 years old, and complainant #2 was 15 years old. **See** N.T., 11/10/2015, at 19, 127.

out of the car and began to hit complainant #2. A physical altercation ensued. Two (2) women jumped out of the car and also began hitting complainant #2. [Lee] stopped fighting, ran back to the car, and returned to the fight with a black handgun. [Lee] fired approximately six (6) shots at complainant #2. Complainant #2 started to run and felt the bullets whiz by his head, but he escaped unharmed. On January 10, 2012, complainant #2 provided a statement to the Northeast Detectives.

Trial Court Opinion, 9/21/2016, at 2-4 (record citations omitted).

Lee was subsequently arrested and charged with attempted murder, aggravated assault, recklessly endangering another person, firearms not to be carried without a license, and carrying a firearm on a public street in Philadelphia.[3] On March 16, 2015, Lee filed a petition for dismissal of the charges pursuant to Pa.R.Crim.P. 600. The trial court denied Lee's motion following a hearing immediately preceding trial on November 10, 2015. After the Commonwealth presented its case-in-chief, the trial was continued until January 22, 2016. Following additional testimony that day, the court entered a verdict of guilty on all charges. Lee was sentenced on March 24, 2016, to a term of six to 12 years' imprisonment for attempted murder, and

_____

[3] *See* 18 Pa.C.S. §§ 907/2502, 2702, 2705, 6106, and 6108, respectively. Lee's co-defendant, Ebony Hinton, was charged with burglary, conspiracy and related offenses for the break-in at the complainants' home. She was convicted of multiple offenses and sentenced to an aggregate term of 12 to 24 months' imprisonment, followed by five years' probation. *See* Docket No. CP-51-CR-0001815-2012.

concurrent prison terms on the remaining charges. This timely appeal follows.[4]

In his first issue, Lee contends the evidence was insufficient to support his conviction of attempted murder. Specifically, he asserts the Commonwealth failed to present any evidence he possessed the specific intent to kill complainant #2. *See* Lee's Brief at 11. Further, he claims no witness observed him firing a weapon, and complainant #2's testimony that he heard bullets "whizz by" his head was insufficient to demonstrate Lee "was firing a handgun at a vital part of the complainant's body." Lee's Brief at 12.

Our review with respect to a sufficiency of the evidence challenge is well-settled:

> The standard we apply … is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt

---

[4] On July 6, 2016, the trial court ordered Lee to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Lee complied with the court's directive, and filed a concise statement on July 25, 2016.

by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Truong***, 36 A.3d 592, 597 (Pa. Super. 2012) (*en banc*) (quotation omitted), *appeal denied*, 57 A.3d 70 (Pa. 2012).

"A conviction for attempted murder requires the Commonwealth to prove beyond a reasonable doubt that the defendant had the specific intent to kill and took a substantial step towards that goal." ***Commonwealth v. Blakeney***, 946 A.2d 645, 652 (Pa. 2008), *citing* 18 Pa.C.S. §§ 901, 2502, *cert. denied*, 555 U.S. 1177 (2009). Moreover, we must bear in mind:

"The Commonwealth may establish the *mens rea* … specific intent to kill, solely from circumstantial evidence." Further, our Supreme Court has repeatedly determined that "[t]he use of a deadly weapon on a vital part of the body is sufficient to establish the specific intent to kill."

***Commonwealth v. Tucker***, 143 A.3d 955, 964 (Pa. Super. 2016) (internal citations omitted), *appeal denied*, ___ A.3d ___, 2017 WL 401331 (Pa. Jan. 30, 2017).

Our review of the trial transcript reveals ample evidence to support the trial court's verdict. Lee accompanied his co-defendant and two juveniles who forced their way into the complainants' home looking for complainant #2. Complainant #1 testified Lee grabbed her chest, pushed her up against the wall, and asked where her brother was. N.T., 11/10/2015, at 35. When she told him she did not know, Lee then proceeded up the stairs, with a gun

in his hand, and stated: "If I find somebody in here, it's a rap[,]" meaning he intended to shoot someone. *Id.* at 38-39. Lee then came back down the stairs, holding a gun to the head of complainant #2's friend. *See id.* at 39-40.

Later that evening, Lee and his cohorts tracked down complainant #2 on the street and began punching him.[5] *See id.* at 134. Lee then ran back to his car and retrieved a black handgun. Complainant #2 indicated Lee was pointing the gun in his direction when Lee began shooting. *See id.* at 141. He stated:

> I ran. I heard like six shots. Two went by my head, and the rest went either onto the pavement or into cars. I ran like two blocks and hid in someone's bushes.

*Id.* at 134-135.

Accordingly, the evidence presented at trial demonstrated: (1) Lee made threatening comments at the complainants' home while searching for complainant #2 and brandishing a firearm; (2) complainant #2 told police Lee was "pointing the firearm in [his] direction" when he fired the weapon; and (3) Lee fired six shots near complainant #2's head. *See id.* at 38-39,

_____

[5] At trial, complainant #2 testified he did not remember any of the events in question, and did not know either of the co-defendants. *See* N.T., 11/10/2015, at 132 (complainant #2 stated: "I blocked this stuff out. I don't want to be here. I don't want to testify."). The Commonwealth introduced his version of the events and identification of Lee *via* his statement to police and testimony at the preliminary hearing. *See id.* at 131-145.

134-135, 141. This evidence was sufficient to establish Lee possessed the specific intent to kill, and took a substantial step toward that goal. ***See Commonwealth v. Manley***, 985 A.2d 256, 272 (Pa. Super. 2009) (evidence that appellant fired multiple shots at the victim, five of which struck the victim although not in a vital organ, was sufficient for the jury to infer the appellant had a specific intent to kill), *appeal denied*, 996 A.2d 491 (Pa. 2010). ***See also Commonwealth v. Chambers***, 980 A.2d 35, 47 (Pa. 2009) ("[I]t is well-established in Pennsylvania law that the specific intent to kill can be formed in a fraction of a second, and may be found whenever the defendant acts with a conscious purpose to bring about the death of the victim."), *cert. denied*, 560 U.S. 928 (2010). Therefore, no relief is warranted on Lee's first issue.

Next, Lee contends the trial court erred in denying his petition for dismissal of the charges based on a violation of his speedy trial rights pursuant to Pa.R.Crim.P. 600.

> Pennsylvania Rule of Criminal Procedure 600 was designed "to protect a defendant's speedy trial rights, as well as society's right to effective prosecution of criminal cases." The Rule mandates, *inter alia*, that a defendant must be tried on criminal charges no later than 365 days after the criminal complaint is filed. Pa.R.Crim.P. 600(A)(1, 3).[7]

_____

[7] We note that a new Rule 600 was adopted, effective July 1, 2013, "to reorganize and clarify the provisions of the rule in view of the long line of cases that have construed the rule." Pa.R.Crim.P. 600, Comment. However, because the criminal complaint in this case was filed prior to the new rule, we will apply the former version of Rule 600.

_____

- 7 -

This straightforward calculation is known as the mechanical run date. However, those periods of delay caused by a defendant are excluded from the computation of the length of time of any pretrial incarceration. Pa.R.Crim.P. 600(C). Following these exclusions, if any, we arrive at an adjusted run date by extending the mechanical run date to account for these exclusions. Any other delay that occurs, despite the Commonwealth's due diligence, is deemed excusable and results in further adjustments to the effective run date. Pa.R.Crim.P. 600(G)

After the expiration of the 365–day period, but before trial, a defendant may move for dismissal of the charges with prejudice. *See* Pa.R.Crim.P. 600(G). Thereafter, the trial court is required to hold a hearing to determine whether the Commonwealth "exercised due diligence and [whether] the circumstances occasioning the postponement were beyond the control of the Commonwealth," in which case, the motion should be denied. *Id.* When considering whether the Commonwealth acted with due diligence, we note:

> "[T]he Commonwealth must do everything reasonable within its power to guarantee that a trial begins on time," and the Commonwealth has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence. "As has been oft stated, [d]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort."

*Commonwealth v. Dixon*, 140 A.3d 718, 722–723 (Pa. Super. 2016) (internal case citations omitted) *appeal denied*, ___ A.3d ___, 2016 WL 6094188 (Pa. Oct. 19, 2016). We review an order denying a Rule 600 motion for an abuse of discretion. *Id.* at 723.

Here, the trial court, in its opinion, provided a detailed analysis of each delay, and the reason for the delay. *See* Trial Court Opinion, 9/21/2016, at 6-8. The court determined which delays were attributable to the

- 8 -

Commonwealth, and which ones constituted excludable or excusable time. *See id.* Our review of the criminal docket supports the trial court's findings, and, accordingly, we rest on the court's thorough opinion.

Moreover, we note Lee's analysis of his Rule 600 claim consists solely of the following paragraph:

> In the instant case, the mechanical run date began on January 6, 2012, with the filing of the criminal complaint. There is no dispute with the trial court's analysis that approximately eighteen (18) months of excludable time are attributed to [Lee] or co-defendant or defense counsel. However, since almost four (4) years transpired before the matter came to trial on November 10, 2015, it is clear that 365 days had elapsed taking into account excludable time and excusable delay.

Lee's Brief at 14. Lee does not discuss any of the specific time periods which the trial court determined were excusable delay as a result of the Commonwealth's due diligence, but rather simply asserts the four-year delay must be violative of Rule 600. We remind Lee that "[i]t is not the obligation of this Court … to formulate [his] arguments for him." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, 562 U.S. 906 (2010). Accordingly, based on Lee's "limited development of the argument," we could also find this issue waived. *Commonwealth v. Cornelius*, 856 A.2d 62, 77 (Pa. Super. 2004), *appeal denied*, 895 A.2d 548 (Pa. 2006). Therefore, Lee's second issue warrants no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2017